IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION, MISSISSIPPI

| | |
|---|---|
| MICHAEL MURPHY and<br>JULIA MURPHY | PLAINTIFFS |
| VS. | CIVIL ACTION NO. 3:21-cv-825-DPJ-FKB |
| ALLSTATE VEHICLE AND PROPERTY<br>INSURANCE COMPANY; and JOHN<br>DOES 1-5 | DEFENDANT |

## AGREED PROTECTIVE ORDER

It appearing that there is good cause for a Protective Order providing confidential treatment for certain documents and information that may be disclosed or produced during discovery or other proceedings herein, and the parties having agreed,

**IT IS HEREBY ORDERED** that:

1. Any party in this litigation may designate as "Confidential" documents and/or information produced by that party, which it reasonably considers to be confidential, trade secret, commercially sensitive and/or proprietary in nature ("Confidential Material").

2. All documents, information and things designated as "Confidential" pursuant to paragraph 1 shall not be disclosed, published, disseminated, utilized, exploited or otherwise used in any manner other than for purposes of this litigation and any appeals therefrom, as more fully set forth herein.

3. If a party disputes the "Confidential" designation of any Confidential Material, counsel for that party shall notify counsel for the designating party of such objection in writing by facsimile and regular mail. Such writing shall identify the document(s) and/or information to

1

which an objection to the confidentiality designation is. If any such objection is made and not resolved between the parties after meeting and conferring in good faith, the designating party shall file a Motion for Protective Order with respect to the challenged documents within 21 days of receipt of such written notice or request an informal hearing with the Magistrate Judge within 10 days of receipt. If the designating party does not file such a motion within the 21 day period or request an informal hearing with the Magistrate Judge within 10 days, the documents and/or information whose confidential designation are disputed shall be deemed not to be confidential by agreement of the parties. If a Motion for Protective Order is filed within the 21 day period or an request for an informal conference with the Magistrate Judge is made, the disputed documents and/or information shall be presumed to be confidential and shall remain subject to the provisions of this Protective Order, pending a contrary ruling by the Court.

4. No party or its counsel shall disclose Confidential Material except to the following: (a) the current parties to this litigation; (b) counsel for the current parties (including staff associated with or employed by legal counsel); (c) consultants or expert witnesses employed by counsel of record for the current parties who agree in writing to be bound by the terms of this Protective Order by executing an Affidavit pursuant to paragraph 5 hereof; and (d) the Court.

5. Prior to disclosing any Confidential Material to any persons enumerated in paragraph 4(a) – (c) above, counsel must first inform each such person that the documents or information to be disclosed contains or constitutes confidential and proprietary business information which may also be trade secrets and which must be held in confidence and may be used solely for the purposes of preparing for this litigation, and further, that these restrictions are imposed by a Protective Order entered by the Court. The persons granted access to any such documents or information shall not reveal or disclose the contents of the Confidential Material for

any purposes, including without limitation, any business, professional or commercial purpose, other than those directly relating to this litigation. All such persons shall read this Protective Order or be advised by counsel as to its contents, and shall agree to be bound by its terms. Furthermore, all consultants or experts and their staffs, who are to be given access to any Confidential Material shall first execute an Affidavit in a form agreed upon by counsel, acknowledging that he/she agrees to be bound by the terms of this Protective Order and will not reveal the documents or information contained in the Confidential Materials to any person or entity other than as allowed by this Protective Order.

6. If any party to this lawsuit believes that any documents it discloses or produces during discovery are confidential, that party shall designate such documents as confidential by marking them as "confidential" in a clear, obvious, and permanent manner that identifies the documents as confidential but shall not obstruct or interfere with the substance of the information on each page of a confidential document, and shall be placed on each page with the following language clearly displayed:

**CONFIDENTIAL MATERIAL - DUPLICATION OR
DISTRIBUTION RESTRICTED BY COURT ORDER**

*Michael Murphy, et al. v. Allstate Vehicle and Property Insurance Company, et al; In the
United States District Court for the Southern District of Mississippi – Northern Division;*
**Civil Action No. 3:21-cv-825-DPJ-FKB**

7. If any party wishes to attach or quote any Confidential Materials in either any court filing, or one made under paragraph 3 of this Protective Order regarding any challenge to the confidentiality designation of any document, they must request by way of a Motion to the Court that the Confidential Materials be permitted to be filed under seal. If the Court refuses to file the Confidential Materials under seal, the Confidential Materials may not be filed with the Court, absent order of the Court. Any Confidential Materials shall be filed in a sealed envelope. The

following legend shall be clearly written on the face of the sealed envelope under the name and case number of this action:

**<u>CONFIDENTIAL – SUBJECT TO COURT ORDER</u>**

**The contents of this envelope are subject to a Protective Order entered by the Court in *Michael Murphy, et al. v. Allstate Vehicle and Property Insurance Company, et al; In the United States District Court for the Southern District of Mississippi – Northern Division;* Civil Action No. 3:21-cv-825-DPJ-FKB**

**These materials shall be treated as confidential, and must not be shown to any person except as authorized by an Order of the Court.**

8. This Protective Order is not a judicial determination that any specific document or information designated by a party as confidential is subject to sealing under L.U.Civ.R. 79 or otherwise. In order for any document or information to be filed under seal, a party must first file a motion to file the document or information under seal in accordance with the procedure set forth in L.U.Civ.R. 79.

9. All depositions taken in this case shall be subject to the terms of this Protective Order as follows: (a) the transcripts of all depositions taken herein shall automatically be considered Confidential Material hereunder; (b) within ten (10) days after the delivery of the transcript of any such deposition, any party may designate specific portions of the deposition transcript, and/or any exhibits thereto, as "Confidential" pursuant to paragraph 1, above. If no such designation is made, the deposition transcript and all exhibits thereto (that have not previously been designated as "Confidential" pursuant to paragraph 1, above) shall no longer be considered Confidential Material and will no longer be subject to the terms of this Protective Order. If any such designations are made, the provisions of paragraph 2 above (and all remaining provisions of this Protective Order) shall apply to such designations. If testimony within a deposition transcript

references or quotes Confidential Material, then the excerpt of the deposition transcript including the reference or quote is also Confidential Material.

10. After notification by counsel of the producing party, all counsel who have received Confidential Materials pursuant to the terms of this Protective Order shall return all Confidential Material to counsel for the producing party, together with all abstracts, copies and other records of the confidential information, or certify that they have destroyed all such documents no later than sixty (60) days following the conclusion of these proceedings. If any Confidential Materials are furnished hereunder to any expert or any other person as described in paragraph 4 herein, then counsel for the party retaining such expert or furnishing such Confidential Material shall be responsible for ensuring that all Confidential Materials are returned to counsel for the producing party and/or destroyed. "Conclusion of these proceedings" refers to the exhaustion of available appeals, or the running of time for taking such appeals, as provided by applicable law, or the final resolution of all claims.

11. All Confidential Material that any party intends to use at trial shall be specifically identified and disclosed to the producing party by the time of the final pretrial conference in this case in order to allow the producing party to seek appropriate protection against publication if they so desire.

12. This Protective Order shall remain in effect unless and until it is modified by further orders of the Court upon prior notice and with adequate cause. The "Confidential" designation of any document hereunder is preliminary and is not a judicial determination that any particular item is protected from disclosure in the event of a challenge by any party. In addition to the right of any party to the lawsuit to challenge the designation of any materials as "Confidential," and/or

seek modification of this Protective Order, a non-party may also seek permission to intervene to challenge the terms of or the operation of this Protective Order.

SO ORDERED on the 2nd day of June, 2023.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

PREPARED AND AGREED TO BY:

*/s/ Robert R. Stephenson*
Robert R. Stephenson, Esq.
*Attorneys for Defendant*

AGREED TO BY:

*/s/ Manion Anderson*
Samuel S. McHard, Esq.
Manion Anderson, Esq.
*Attorneys for Plaintiffs*