**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**MICHAEL MURPHY and
JULIA MURPHY**                                                                   **PLAINTIFFS**

**VERSUS**                                   **CIVIL ACTION NO. 3:21-cv-00825-DPJ-FKB**

**ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY;
AND JOHN DOES 1-5**                                            **DEFENDANTS
JURY TRIAL DEMANDED**

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

**COME NOW** the Plaintiffs, Michael Murphy and Julia Murphy ("Mr. Murphy" and "Mrs. Murphy," respectively, and collectively referred to at times as "Plaintiffs") by and through their attorney of record, and files this Second Amended Complaint against Defendant Allstate Vehicle and Property Insurance Company (hereinafter referred to as "Allstate"), and for their causes of action would show unto the Court the following:

**PARTIES**

1. Plaintiff Mr. Murphy is an adult resident citizen of Scott County, Mississippi.

2. Plaintiff Mrs. Murphy is an adult resident citizen of Scott County, Mississippi.

3. Defendant Allstate is a foreign insurance company with its principal place of business in Northbrook, Illinois.

4. Defendants designated as John Does 1 through 5 are, based upon information and belief, certain unknown and unnamed persons and/or entities who may be liable for the claims asserted herein, who include, but are not limited to, agents, servants, employees, representatives, affiliates, parents, subsidiaries, joint-tortfeasors, tortfeasors, contractors, co-

conspirators, joint adventurers, partners, stockholders, or any other related person or entity of the named Defendants and/or any and all other persons who may be liable to Plaintiffs for the claims asserted herein. Plaintiffs will amend their Complaint once the identities of the unknown Defendants are learned.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship of all parties and the amount in controversy exceeds $75,000.

6. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place where a substantial part of the events giving rise to the Plaintiffs' claims occurred in this district.

## FACTS

7. Mr. Murphy is an adult male who lives with his wife, Mrs. Murphy, at 186 Slade Road, Morton, Mississippi.

8. Prior to issuing a policy of insurance, Allstate performed an underwriting inspection. Subsequently, an agent and/or employee of Allstate inspected Plaintiffs' property, including a storage structure on the property. Allstate's employee/agent stated to Plaintiffs that the Policy provided coverage for the storage structure. Allstate also increased the "other structures" coverage on the policy and charged Plaintiffs a higher premium.

9. On November 7, 2017, Allstate issued to Plaintiffs Policy No. 815 069 229 ("the Policy"), which covered the storage structure.

10. On or around February 15, 2021, a catastrophic ice storm came through the area consisting of wind, hail, snow, ice, and low temperatures, causing an accumulation of snow and ice on the exterior of a building used for storage (the "structure") on Plaintiffs' property.

11. Due to the high speed wind and/or accumulation of ice and snow on Plaintiffs' structure, the structure was destroyed.

12. The Policy specifically insured for direct physical loss to the property caused by ice storm and/or wind or hail, among other perils.

13. The storm event also caused failing objects to damage Plaintiff's personal property. Allstate representatives inspected the personal property, determined that the personal property damage was caused by falling objects, but never (1) explained Plaintiffs personal property damage coverage to Plaintiffs, (2) provided claims forms to Plaintiffs, or (3) never provided payment to Plaintiffs for Plaintiffs' personal property loss.

14. Plaintiffs' policy provided coverage to personal property damaged by falling objects.

15. Plaintiffs timely paid all Policy premiums.

16. Following the loss, Plaintiffs contacted Allstate to report the damage to their structure and losses of personal property and filed Claim No. 0615696654 ("the Claim").

17. After reporting the claim, Allstate assigned Plaintiffs' an adjuster (the "Adjuster") who conducted a virtual inspection of the structure and property.

18. On February 23, 2021, Allstate egregiously and completely denied Plaintiffs' claim. A copy of Allstate's denial letter is attached hereto as **Exhibit 1**. Allstate's denial letter never considered Plaintiff's personal property claim.

19. Allstate has admitted that the damage to Plaintiffs' structure was due to the accumulation of ice and snow; however, Allstate claimed the damaged structure did not meet the definition of "Building Structure" and denied the claim.

## COUNT I - CLAIM FOR POLICY BENEFITS

20. Plaintiffs incorporate by reference herein the allegations set forth in paragraphs above.

21. Plaintiffs made claims pursuant to the Policy which arose in connection with the subject storm.

22. Although Plaintiffs have made due demand for payment of policy benefits for the above occurrence, Allstate has failed and refused to provide proper coverage and refused to pay the full benefits which are now due and remain unpaid, all to the detriment of Plaintiffs.

### COUNT II- CLAIM FOR BAD FAITH DELAY AND BAD FAITH FAILURE TO PAY AND INVESTIGATE PLAINTIFFS' PERSONAL PROPERTY DAMAGE CLAIM

23. Plaintiffs incorporate by reference herein the allegations set forth in paragraphs above.

24. At all material times, Allstate, acting through their agents, officers, and employees, acted wrongfully and, in bad faith, withheld personal property benefits due to Plaintiffs under the policy.

25. Despite admitting that the Plaintiffs' personal property damage was a covered peril under the "falling objects" portion of the policy, Allstate has unreasonably delayed and refused to provide coverage or benefits for the Plaintiffs' personal property damage under the policy, causing Plaintiffs financial and emotional hardship.

26. Allstate acted in bad faith by failing to timely investigate and adjust Plaintiffs' personal property damage claims following the damage to their Home by the Storm on February 15, 2021. Allstate purposefully delayed its investigation and unreasonably denied Plaintiffs' claims.

27. Allstate refused to pay benefits on Plaintiffs' personal property claim due under the Policy and forced Plaintiffs to hire legal counsel to protect their rights under the Policy.

28. By refusing to explain Plaintiffs' rights under the personal property claim, timely investigate the personal property claim, and pay the personal property claim, Allstate has acted fraudulently, maliciously, oppressively and outrageously towards Plaintiffs with conscious

disregard for their rights. These actions taken by Allstate were purposeful and deliberately undertaken with malice and vindictiveness. Plaintiffs have suffered embarrassment, humiliation, and mental and emotional distress because of these actions by Allstate.

29. Allstate has deprived Plaintiffs of the personal property benefits justly due under the policy, when Allstate knew that those benefits were needed by Plaintiffs.

30. By unreasonably delaying and refusing to provide benefits of coverage in payment of Plaintiffs' valid personal property claims, Allstate acted fraudulently, oppressively, maliciously, and outrageously toward Plaintiffs, with conscious disregard for their rights under the law and under the Policy, and did so with intentions of benefitting Allstate financially, harassing Plaintiffs, discouraging Plaintiffs from asserting valid claims, avoiding payment of the valid claims, and causing or willfully disregarding the potential of severe emotional distress to Plaintiffs.

31. The course of conduct of Allstate as described above, was deliberately undertaken; was wanton, willful, and in reckless disregard of the rights and well-being of Plaintiffs, and was attended by malice and vindictiveness on the part of Allstate in that Allstate:

    a.  Willfully failed to tender payment of personal property benefits owed to Plaintiffs;

    b.  Willfully failed to investigate with reasonable promptness all relevant information and make a realistic evaluation of the personal property claim;

    c.  Willfully failed to investigate, adjust, and pay Plaintiffs' personal property claim in a reasonably prompt manner;

    d.  Willfully failed to tell Plaintiffs the plain truth regarding the investigation, evaluation, and payment or nonpayment of the personal property claim;

  e. Willfully failed to evaluate each and every issue during the adjusting of Plaintiffs' personal property claim, to give at least equal consideration to the interests of Plaintiffs which Allstate gave itself;

  f. Willfully disregarded pertinent and relevant information while investigating, evaluating, and/or adjusting the personal property claim in order to deny the claim; and

  g. Willfully and without justification failed to provide coverage to Plaintiffs.

32. By reason thereof, Plaintiffs request that this Court award punitive damages for Allstate's bad faith failure and delay to pay Plaintiff's personal property claim.

33. As a direct result of the fraudulent, oppressive, malicious, and outrageous conduct of Allstate and of their bad faith in handling the claims of Plaintiffs for personal property damage under the Policy, Plaintiffs have sustained substantial economic loss, including but not limited to attorneys' fees and seeking to recover benefits under the described Policy. As a further result of Allstate's outrageous and willful conduct and bad faith, Plaintiffs have suffered embarrassment, humiliation, and mental and emotional distress. Plaintiffs have suffered damages in an amount exceeding $250,000.00.

## COUNT III - BREACH OF CONTRACT

34. Plaintiffs incorporate by reference herein the allegations set forth in paragraphs above.

35. The actions and inactions of Allstate, as described above, constitute a breach of contract.

36. Plaintiffs are entitled to all damages allowable for breach of contract, including, but not limited to, nominal damages, incidental damages, consequential damages, special damages, attorneys' fees, interest and punitive damages.

  WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment of, from, and against Allstate for compensatory damages, special damages, emotional distress damages,

incidental and consequential damages, plus attorneys' fees and costs, *Veasley* damages, punitive damages, and pre-judgment and post-judgment interest as determined by a jury of Plaintiffs' peers.

Respectfully submitted this the 4th day of January 2023.

                                               **Michael Murphy and Julia Murphy, Plaintiffs**

                              BY:    *s/P. Manion Anderson*
                                          P. MANION ANDERSON (MSB #104250)

P. MANION ANDERSON (MSB #104250)
C. HUNTER SALAMONE (MSB #106514)
MCHARD, MCHARD, ANDERSON & ASSOCIATES, PLLC
140 Mayfair Road, Suite 1500
Hattiesburg, MS 39402
T: (601) 450-1715
F: (601) 450-1719
manderson@mchardlaw.com
hsalamone@mchardlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the MEC/ECF system, which sent notification of such filing to all counsel of record.

THIS the 4th day of January 2023.

                                                         *s/P. Manion Anderson*
                                                        COUNSEL OF RECORD