**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION, MISSISSIPPI**

**MICHAEL MURPHY and**        **PLAINTIFFS**
**JULIA MURPHY**

**VS.**        **CIVIL ACTION NO. 3:21-cv-825-DPJ-FKB**

**ALLSTATE VEHICLE AND**        **DEFENDANT**
**PROPERTY INSURANCE COMPANY;**
**and JOHN DOES 1-5**

---

**ALLSTATE VEHICLE AND PROPERTY INSURANCE
COMPANY'S MEMORANDUM BRIEF SUPPORTING ITS RESPONSE
TO PLAINTIFFS' THIRD MOTION FOR LEAVE TO AMEND**

---

COMES NOW, the Defendant, Allstate Vehicle and Property Insurance Company ("Allstate"), by and through counsel, and files this its Memorandum Brief in Support of its Response to the Plaintiffs' Third Motion for Leave to Amend, and in support thereof, would show unto the Court as follows:

## I.     INTRODUCTION

The plaintiffs seek leave of court to amend their complaint over 1 ½ years after the amendment deadline. They wait to do so mere weeks before the discovery deadline. They ask for permission to add bad faith allegations to their complaint. They contend that their delay should be excused because they could not have brought the bad faith claim until the recent deposition of an Allstate adjuster wherein they claim they "learn[ed] that Allstate is not seriously evaluating this claim . . . ."[1]  Never mind that they already brought the same bad faith claim which was dismissed on Allstate's 12(b)(6) motion.

---

[1] *See* [Doc. 81], p. 2, ¶ 6.

Plaintiffs' learned nothing new in this deposition.  Their claim was denied before they filed suit.  They knew that their claim was denied, and they allege as much in their complaint.  The deposition of Allstate's adjuster adds nothing to these facts.  The only thing new in the plaintiffs' motion and proposed amended complaint is their legal theory as it relates to the same underlying facts.  The plaintiffs' motion should be denied because there was no reason to support the delay in proposing this new argument in favor of coverage.

The motion should also be denied because the proposed amended complaint does not allege facts to support the count for bad faith.  The plaintiffs' new theory is that Allstate should have provided coverage for their contents claim because the contents were damaged by a named peril, a falling object.  The proposed new complaint merely repeats the exact same phrase which is in the insurance policy – "falling object".  Alleging that their property was damaged by a "falling object" does not provide the requisite facts to support the conclusion that it was a "falling object" which caused the damage.  Whether it was something we deem to be a falling object need not be decided with respect to the plaintiffs' bad faith claim because the proposed complaint does not describe what damaged the plaintiffs' property except with the same term which is in the policy. Because the pleading is insufficient to state a claim of bad faith, the court should deny the motion to amend.

## II.     PROCEDURAL HISTORY AND FACTS RELATING TO MOTION TO AMEND

The plaintiffs' action arises out of a denied insurance claim presented under their homeowner's insurance policy issued by the defendant, Allstate.  In February, 2021, a structure on the plaintiff's property collapsed.  The plaintiffs reported a claim to Allstate on February 15, 2021. Allstate denied the claim because the structure did not meet the definition of a building structure because it did not have both walls and a roof.

The plaintiffs' original complaint, filed on December 29, 2021, includes a claim for the "damage to their structure and losses of personal property . . . ."[2]  The complaint alleges that Allstate's adjuster inspected "the structure and property."[3]  The complaint further alleges that "Allstate egregiously and completely denied Plaintiff's claim."[4]

Allstate filed a motion to dismiss the plaintiffs' count for bad faith and the other counts in their complaint which sought damages in addition to the damages sought by their breach of contract claim (the "extracontractual claims" or "EC claims").[5]  This Court granted Allstate's motion on July 7, 2022.[6]  The Court's order dismissing the EC claims states that the plaintiffs "are given 14 days . . . to file a properly supported motion seeking leave to amend."[7]  Prior to the entry of this order, the deadline for the parties to file motions to amend had been May 5, 2022.[8]  The plaintiffs filed their first motion for leave to amend on July 21, 2022.[9]  Their proposed first amended complaint includes the EC claims which had previously been dismissed.  Allstate opposed this motion.[10]  On December 16, 2022, which was before the Court ruled on the first motion for leave to amend, the plaintiffs filed their second motion for leave to amend which sought to add a factual allegation that damage to their structure was caused by "high speed wind and/or the accumulation of ice and snow . . . ."[11]  Allstate did not oppose plaintiffs' request that they be permitted to add the allegations concerning wind but opposed the motion's request to reassert the EC claims.[12]  This Court found that the first motion for leave to amend was moot, and then granted

---

[2] *See* [Doc. 1] (Complaint filed with this Court), p. 3, ¶ 14.
[3] *See Id.* at p. 3, ¶ 15.
[4] *See Id.* at p. 3, ¶ 16.
[5] *See* [Doc. 5].  Allstate's motion was filed on February 3, 2022.
[6] *See* [Doc. 28]
[7] *See Id.* at p. 11.
[8] *See* [Doc. 13] (Case Management Order).
[9] *See* [Doc. 30].
[10] *See* [Doc. 35 and 36].
[11] *See* [Doc. 45-2], p. 2 ¶ 11.
[12] *See* [Doc. 46].

in part and denied in part the second motion for leave to amend.[13]   The Court permitted the Plaintiffs to include "the word 'wind'" in their amended complaint but otherwise denied the plaintiffs' motion.[14]   On February 3, 2023, the plaintiffs filed their amended complaint which adds the allegation concerning wind but otherwise does not include any EC claims.[15]   The parties have been engaged in discovery with no pending EC claims since July 7, 2022, which is when those claims were dismissed by the Court.

This Court has now twice found that the plaintiffs' allegations of bad faith are insufficient to state a claim and has refused to permit these claims to proceed.[16]   The plaintiffs now request leave to amend their complaint 1 ½ years after the extended deadline for motions to amend. Plaintiffs seek to amend to add a bad faith delay and denial claim which is limited to the part of their claim related to damaged contents.   In prior iterations of their complaint, the plaintiffs did not limit the bad faith allegations to the contents claim.   To excuse their delay, the plaintiffs argue that they recently learned at a deposition that "Allstate is not seriously evaluating this claim."[17] The plaintiffs' argument has no basis in the pleadings.   Plaintiffs learned nothing new in the deposition of Allstate's adjuster.   The plaintiffs' original complaint alleges that part of their claim is for damage to personal property in the structure which collapsed.[18]   The complaint also alleges that Allstate denied their claim.[19]   The allegation that Allstate denied their contents claim is not new.   The plaintiffs did not learn that this claim was denied because of a deposition.   They knew

---

[13] *See* [Doc. 50].
[14] The Court's order also states that the plaintiffs had one week to seek to amend their complaint to clarify an allegation concerning the subject structure's walls.   *See* [Doc. 50], p. 10.   The plaintiffs did not seek leave to amend further until they filed the motion presently pending before the Court.
[15] *See* [Doc. 51].
[16] The Court did so in its order granting Allstate's motion to dismiss and its order granting in part and denying in part the plaintiffs' second motion to amend.   *See* [Doc. 28 and 50].
[17] *See* [Doc. 81], p. 2, ¶ 6.
[18] *See* [Doc. 1], p. 3, ¶ 14.
[19] *See Id.* at ¶ 15.

that their claim had been denied since they received the denial letter dated February 23, 2021.[20] They have known all along that this part of their claim was denied because they allege the denial in the complaint which was filed in December, 2021.

The plaintiffs' insurance claim includes two separate parts under two separate coverages. First, their claim is for the loss of a structure which housed a tractor, three trailers and other equipment. The estimated cost to rebuild the structure is $60,366.75.[21] The plaintiffs also submitted a claim for the loss of personal property and damage to personal property. This claim totals $8,450.00.[22] The plaintiffs' personal property claim includes damage to a motorized tractor which cost approximately $5,000 to repair.[23] The damage to the tractor is not covered by the Allstate policy for two reasons: (1) the Allstate policy does not provide coverage for "motorized land vehicles"[24]; and (2) the Allstate policy does not provide coverage for personal property when there is other insurance, and the plaintiffs had a separate insurance policy for the tractor which paid for repairs.[25] The personal property claim also includes several other items damaged or destroyed, such as a ladder stand, corn feeder, sprayer and wheels on a mower. According to plaintiffs' demand, these other items would cost $3,450 to repair or replace.[26]

The plaintiffs' third motion for leave to amend their complaint should be denied. There is nothing new in the latest version of the complaint except for a legal argument relating to whether

---

[20] *See* [Doc. 1-1] (denial letter).
[21] *See* Exhibit "A" (deposition of Michael Murphy), p. 66 and Exhibit "B" (Exhibit 5 to deposition).
[22] *See Id.* at p. 67.
[23] *See Id.* at p. 34.
[24] *See* [Doc. 82-3], p. 42 of 125 (Item number 3 under "Property We Do Not Cover Under Coverage C").
[25] *See* [Doc. 82-3], p. 42 of 125 (Item number 3 under "Property We Do Not Cover Under Coverage C"). Michael Murphy testified that he had separate insurance for the tractor which paid for its repairs. *See* Exhibit "A", pp. 20-21 and 30-32.
[26] *See* [Doc. 82-5]. The plaintiffs' settlement demand includes $8,450.00 for personal property damage. Mr. Murphy testified that it cost $5,000 to repair the tractor. In his deposition, Mr. Murphy testified that the following items were destroyed at the following estimated costs: ladder stand ($300 – 350); corn feeder ($175-200); sprayer ($500 – 550); and two wheels on a mower ($400 – 500 each). By these estimates, the total cost of items destroyed ranges from $1,775 - 2,100. Mr. Murphy also said there was damage to trailers which he repaired himself.

there was coverage for some contents which they now allege were damaged by a falling object.  In response to the most recently sought extension of the discovery deadline, this Court entered an order stating that "no further continuances will be granted absent extraordinary circumstances."[27] Granting the plaintiffs' third motion for leave to amend would require additional discovery because the latest complaint reopens a bad faith claim which was dismissed 1 ½ years ago and which Allstate has had no reason to develop in discovery.  The plaintiffs have failed to demonstrate extraordinary circumstances to support granting their motion for leave to amend which if granted would, in turn, require a continuance of the trial and an extension of discovery deadlines.[28]  Their third motion for leave to amend should therefore be denied.

### III.    LAW AND ARGUMENT

#### A.  The Plaintiffs' Third Motion for Leave to Amend Complaint Should Be Denied as Untimely.

The deadline for filing a motion to amend the complaint was July 21, 2022.  In the context of an untimely motion to amend, which is what this Court is presented, the Court considers "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice."  *S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003).  For the reasons set forth above, the Court would also be reasonably called upon to permit further discovery with the amendment sought by the plaintiffs which would require a continuance of the trial.  The Court ruled that no further continuances would be granted absent "extraordinary circumstances".  When evaluating whether extraordinary circumstances exist, the

---

[27] *See* Text-Only Order entered on November 29, 2023.  The Court continued the trial when it granted the most recent motion to extend discovery.

[28] The case at bar is currently set for a trial beginning on July 15, 2024, which is 2 ½ years after the plaintiff's complaint was filed.

Fifth Circuit has held that "[t]he extraordinary-circumstance prong incorporates a causation requirement; the movant must show that the extraordinary circumstance caused the untimely filing." *United States v. Valles*, 2023 U.S. App. LEXIS 1128, *4 (5th Cir. 2023). "[C]ourts have found that intermittent lockdowns and diminished access to the law library, even as a result of COVID-19 restrictions, do not constitute 'extraordinary circumstances . . . .'" *Herrera v. United States*, 2023 U.S. Dist. LEXIS 95540, *7-8 (N.D. Tex. 2023).[29]

Under normal circumstances, delay, lack of diligence, and prejudice to the defendant are reasons to deny a motion to amend. *Nilson v. City of Moss Point, Mississippi*, 674 F.2d 379, 388 (5th Cir. 1982); and *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967). "[T]he delay may become so long that the required degree of prejudice decreases, or the burden of proof shifts." *Nilson*, 674 F.2d at 388, fn 16. "Where there has been such lack of diligence, the burden is on the party seeking to amend to show that the delay 'was due to oversight, inadvertence, or excusable neglect.'" *Freeman*, 381 F.2d at 469. "Leave will be denied unless he shows some 'valid reason for his neglect and delay.'" *Id.*

"A grant or denial of a motion to amend pleadings is an exercise of discretion by the district court . . . ." *Whitmire v. Victus Limited T/A Master Design Furniture*, 212 F.3d 885, 887 (5th Cir. 2000). It is clearly within this Court's discretion to deny the plaintiff's motion. In *Freeman*, the Fifth Circuit affirmed the district court's denial of a motion to amend where it was brought fourteen (14) months after the answer had been filed. 381 F.2d at 468-69. By comparison, it has been nearly two (2) years since Allstate filed its answer to the complaint in this cause. Although conceding the rule that "leave shall be freely given when justice so requires", the Fifth Circuit observed that this rule "is not a mechanical absolute" because the trial court is to direct "the

---

[29] Extraordinary circumstances is also the standard applied to obtain relief from a final judgment. *See* Fed. R. Civ. P. 60(b)(6).

development of a cause toward its ultimate disposition." *Freeman*, at 468.  It held that where the trial court has a reason to deny the motion, that action is to be left alone on appeal.  *Id.*

Not only has the delay in this case been extreme, the plaintiffs watched two deadlines for filing a motion to amend expire.  The second of these deadlines expired 1 ½ years before the Plaintiffs filed their motion.  This Court has held that a motion to amend should be denied because it was brought three months after the deadline. *See Valencia v. Mississippi Baptist Medical Center*, 363 F.Supp.2d 867, 872-73 (S.D. Miss. 2005) *See also OMP v. Security Pacific Business Finance, Inc.*, 716 F.Supp. 239 (N.D. Miss. 1988)(denying motion to amend filed over five months past deadline); and *Valle v. Johnson Controls World Services, Inc.*, 957 F.Supp. 1404, 1420 (S.D. Miss. 1996)(denying motion to amend filed past deadline where plaintiff asserts only disingenuous argument that he recently obtained new information supporting amendment).  The delay by plaintiffs here is much more substantial and the motion should likewise be denied.  In *Valencia*, the court observed that the plaintiffs provided an inadequate explanation for the delay.  363 F.Supp.2d at 873.  Similarly, the court in *OMP* denied the late-filed motion to amend where the issues raised in the proposed amended complaint were known to the parties from the outset of the litigation.  716 F.Supp. at 250.  Here, also, the plaintiffs cannot justify their delay by directing the Court to any type of new evidence. They clearly were aware when they filed their complaint that their contents claim had been denied.

Granting the motion to amend in this case will result in prejudice to Allstate, and this is another reason to deny the motion.  This case is presently a breach of contract claim, only.  The plaintiffs seek to radically alter the nature of this case which would require the defendant to conduct costly and protracted discovery relating to bad faith allegations.  Incurring the expense involved in litigating these issues alone is prejudicial to Allstate considering that discovery is

otherwise complete.   In *Little v. Liquid Air Corporation*, the plaintiffs sought to amend their products liability complaint one year after it had been filed.  952 F.2d 841 (5th Cir. 1992).  The amendment would have changed the theory upon which the case was tried and significantly alter the nature of the trial.  *Little*, 952 F.2d at 846.  The plaintiffs offered no evidence that their delay was excusable or the result of oversight.  *Id.*  The Fifth Circuit found that it was in the interests of fairness and justice to avoid the additional discovery and trial litigating the new allegations would entail.  *Id.* at 847.  The additional discovery and litigation which could result from plaintiffs' amendment, here, is as great or greater than that in *Little*.  In *Little*, the lawsuit was filed one year before the amendment was sought as compared to the two years in this case.  The unfairness to Allstate is far greater than that to the defendant in *Little*.

The plaintiffs make much of the deposition of the Allstate adjuster, Craig Porter.  Mr. Porter was the original adjuster assigned to the claim.  The plaintiffs argue that they could not have included bad faith allegations in this lawsuit "in good faith prior to learning that Allstate is not seriously evaluating this claim during Porter's deposition."  This argument is not explained and is belied by the admitted facts of the case.  What did the plaintiffs learn in Porter's deposition?  They knew that the entire claim was denied before the deposition was taken.  They allege as much in every version of their complaint.  Porter did nothing more than confirm that the claim was denied.

The plaintiffs also argue that Porter should have monitored their testimony from their depositions in this case.  There is no foundation for this argument.  Porter's testimony does not demonstrate that he has had any involvement with this claim since suit was filed.  The fact is that he has not had any involvement because the claim was reassigned as soon as Allstate received the Summons and Complaint.[30]  There is no reason that every adjuster who was involved in the claim

---

[30] *See* Exhibit "C" (Sworn Declaration).

read the plaintiffs' depositions.  The argument that Porter did not have knowledge of the plaintiffs' testimony is unavailing.

Porter's deposition is the only development in discovery which plaintiffs rely upon to excuse their delay in making this most recent effort to add bad faith allegations back to their case. But Porter's testimony changes nothing of significance in this case.  The plaintiffs have not shown extraordinary circumstances which warrant permitting them to amend at this juncture.  If the Court applies the four factors listed above, the motion should still be denied.  There are no new facts in the proposed amended complaint which the plaintiffs were unaware of since filing suit[31], so there is no excuse in their delay.  Allstate would be prejudiced if required to defend a bad faith claim which was dismissed 1 ½ years ago unless discovery begins again and the case is continued.  The amendment is not significant in this case because it relates to a potential punitive claim arising out of a $1,775 - $3,450 sub-part of the overall claim (before the $1,000 deductible is applied).  The bad faith claim, itself, is not valid for the reasons set forth below.  The motion to amend should therefore be denied.

### B. Plaintiffs' Third Motion For Leave To Amend Should Be Denied Because Bad Faith Claim is Futile.

Even if the plaintiffs had timely filed their motion to amend, which they did not do, the motion should still be denied because the proposed amendment is futile.  Where the amended complaint could not survive a 12(b)(6) motion to dismiss, as is the case with the plaintiffs' proposed amendment, the motion to amend should be denied.  *See DeLoach v. Woodley*, 405 F.2d

---

[31] The proposed amended complaint includes allegations that Allstate "never (1) explained Plaintiffs personal property damage coverage to Plaintiffs, (2) provided claims forms to Plaintiffs, or (3) never provided payment to Plaintiffs for Plaintiffs' personal property loss."  Plaintiffs have known since before filing suit that Allstate did not do any of these things.  They alleged in their original complaint that Allstate did not pay the claim.  Neither the Allstate policy nor Mississippi law require an insurance company to explain coverage or provide claims forms. These allegations which are labeled as new are of no consequence.

496, 496-97 (5th Cir. 1968); *Briggs v. State of Mississippi*, 331 F.3d 499 (5th Cir. 2003); and *Nicolas*

*v. Deposit Guaranty National Bank*, 182 F.R.D.226, 235 (S.D. Miss. 1998).

The allegation that their contents claim was denied in bad faith is futile.  The majority of

the contents claim relates to a damaged tractor.  There is no coverage for the damage to the tractor

because the tractor falls within two separate categories of property which is excluded from

coverage.  The Allstate policy provides as follows[32]:

**Property We Do Not Cover Under Coverage C:**

1.      Personal property specifically described and insured by this or any other insurance.

3.      Motorized land vehicles, including, but not limited to, any land vehicle powered or
assisted by a motor or engine. **We** do not cover any motorized land vehicle parts,
equipment or accessories attached to or located in or upon any motorized land
vehicle.

Mr. Murphy acknowledged in his testimony that the tractor, which makes up $5,000 of the

$8,450 of the contents claim he alleges was denied in bad faith, was insured by another insurance

company which paid for the repairs to the tractor.[33]  As a result, there is no coverage for the loss

to the tractor.  There is likewise no coverage for this part of the contents claim because the tractor

is a motorized land vehicle for which the policy provides no coverage.

The plaintiffs' bad faith allegation with respect to the remainder of the claim hinges upon

their interpretation of the phrase, "falling object".  The coverage under the Allstate policy for the

contents has a named peril format.  In order to trigger coverage, the loss to the property must have

been caused by a named peril.  One of the named perils is "falling objects".[34]  For the plaintiffs to

prevail on this part of their claim, they must present evidence that a falling object damaged their

property.  The plaintiffs argue in their motion and brief that the roof of the building fell on the

---

[32] *See* [Doc. 82-3], p. 42.
[33] *See* Exhibit "A", p.20-21_and 32-33.
[34] *See* [Doc. 82-3], p. 43 of 125.

contents of this structure.  Whether the collapse of this building qualifies as a falling object can be considered on another day because the plaintiffs' proposed amended complaint does not include any *factual* allegations regarding this named peril.  The proposed complaint alleges only that the property damage "was caused by falling objects . . . ."[35]  This allegation does nothing more than copy the same phrase from the policy and is therefore a factually unsupported and conclusory allegation.  This Court drew the same conclusion in this case when it held that the plaintiffs' allegation that the structure in question had "walls and a roof" was not sufficient for the Court to conclude that the structure did, in fact, have walls (in the plural) as was required to qualify for coverage.[36]  The plaintiffs attempt to do the same thing again – allege that something is covered by the policy by copying the policy language into the proposed complaint.

In order to move forward with their new bad faith claim, the plaintiffs have the burden to establish that Allstate lacked an "arguable reason" to refuse coverage for their contents claim. *Essinger v. Liberty Mut. Fire Ins. Co*., 529 F.3d 264, 271 (5th Cir. 2008).  The plaintiffs' proposed amended complaint does nothing more than quote the named peril of a "falling object" to support their allegation that Allstate denied the claim in bad faith.  Copying this excerpt from the policy over to their complaint is insufficient to state a claim.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiffs' third attempt to state a bad faith claim is futile, and their motion to amend should be denied for this reason.

---

[35] *See* [Doc. 81-1], p. 3, ¶ 13.  There is no support for the plaintiffs' argument that Porter's testimony is a judicial admission.  Porter did not testify as a 30(b)(6) designee.  While a 30(b)(6) designee's testimony can be binding, such testimony is not a judicial admission.  *See Reed v. LKQ Corp.*, 436 F.Supp.2d 892, (N.D. Tex. 2020)(quoting *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006)).  Porter's testimony was not a binding admission in any respect.
[36] *See* [Doc. 50], p. 7.

## IV.    CONCLUSION

The plaintiffs' motion for leave to amend should be denied because it was filed 1 ½ years after the deadline even though no new pertinent facts were learned by the plaintiffs during this intervening period of time.  The motion should also be denied because the proposed amended complaint is a futile effort to reallege their insufficient bad faith claim.

Respectfully submitted, this the 22nd day of January, 2024.

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY, *Defendant*

BY:  WILKINS PATTERSON

BY:    *s/Robert R. Stephenson*
        ROBERT R. STEPHENSON (MSB No. 10772)
        MATTHEW R. ANTHONY (MSB No. 105520)

WILKINS PATTERSON SMITH PUMPHREY & STEPHENSON, P.A.
One LeFleur's Square, Suite 108
4735 Old Canton Road [39211]
Post Office Box 13429
Jackson, Mississippi 39236-3429
601-366-4343 | phone
601-981-7608 | fax
bstephenson@wilkinspatterson.com
manthony@wilkinspatterson.com

<u>**CERTIFICATE OF SERVICE**</u>

I, Robert R. Stephenson, attorney of record for Defendant, Allstate Vehicle and Property Insurance Company, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF Filing System which sent notification of such filing to the following:

> P. Manion Anderson, Esq.
> 140 Mayfair Road, Suite 1500
> Hattiesburg, MS  39402
> manderson@mchardlaw.com
>
> *Attorney for Plaintiffs*

THIS, the 22nd day of January, 2024.

*s/Robert R. Stephenson*
ROBERT R. STEPHENSON
